UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 3:21-cr-139 |
| v. | ) | |
| | ) | Judge: Crytzer/Poplin |
| AYEESHA SHAH | ) | |

**PLEA AGREEMENT**

The United States of America, by the Acting United States Attorney for the Eastern District of Tennessee; the defendant, AYEESHA SHAH; and defendant's attorney, Jonathan Moffat, have agreed upon the following:

1. Defendant will waive indictment and arraignment and plead guilty to an information charging her with the following offense:

**Unlawful Transactions with an Access Device**. Defendant, acting with intent to defraud, effected transactions with an access device—that is, a Green Dot Bank card issued to another person that contained unemployment insurance benefits—to obtain a thing of value of $1,000 or more during a one-year period, and said use affected interstate commerce, in that the transactions involved interstate wire transfers, in violation of 18 U.S.C. § 1029(a)(5).

**Penalties**. Up to 15 years' imprisonment; up to three years of supervised release, up to $250,000 in fines, restitution if applicable, and a mandatory $100 special assessment.

2. In consideration of defendant's guilty plea, the United States agrees not to further prosecute defendant in the Eastern District of Tennessee for any other criminal offenses committed by defendant that are related to the charges contained in the information and that are



Case 3:21-cr-00139-KAC-DCP Document 4 Filed 11/03/21 Page 1 of 10 PageID #: 7

known to the United States Attorney's Office for the Eastern District of Tennessee at the time this plea agreement is signed by both parties.

3. Defendant has read the information, discussed the charge and possible defenses with her defense counsel, and understands the crime charged. The elements of the offense are:

**Unlawful Transactions with an Access Device** – 18 U.S.C. § 1029(a)(5):

(i) defendant knowingly used an access device issued to another person;

(ii) defendant acted with intent to defraud;

(iii) defendant obtained any thing having an aggregate value of $1,000 or more over the course of one year by using the access device;

(iv) defendant's use of the access device affected interstate commerce.

4. In support of defendant's guilty plea, the United States and defendant agree and stipulate to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of defendant's guilty plea. They do not necessarily constitute all the facts in the case. Other facts may be relevant to sentencing. Both defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

(a) Unless stated otherwise, the following facts occurred on July 17, 2020, at a Walmart in Lenoir City, Tennessee, in the Eastern District of Tennessee.

(b) Defendant arrived at Walmart just before lunchtime with three other persons, each of whom planned to use, and did use, one or more Green Dot Bank cards with the intent to obtain cash and/or money orders. The Green Dot Bank cards functioned as debit cards; they were issued by state unemployment agencies to persons other than defendant; and they were loaded with unemployment benefits intended to provide financial assistance during the COVID-19 pandemic.

(c) Defendant used a Green Dot Bank card that had been issued in the name of another person and funded by the Illinois Department of Employment Services having the last four digits 9706 ("Green Dot Bank card 9706").

(d) Defendant knew that Green Dot Bank card 9706 had been obtained unlawfully and had been issued in the name of another person.

(e) Defendant used Green Dot Bank card 9706 with intent to defraud.

(f) By using Green Dot Bank card 9706, defendant unlawfully obtained from Walmart $3,000 in cash via interstate wire transfers that she caused to be initiated by Green Dot Bank.

(g) Green Dot Bank card 9706 was an access device, as defined in Title 18, United States Code, Section 1029(e)(1), because, among other things, it was a card that could be used—and was used by defendant with intent to defraud—to obtain money.

(h) Defendant admits that, on July 17, 2020, in the Eastern District of Tennessee, she made transactions with an access device; that she used an access device with intent to defraud; that she obtained $3,000 in cash by using an access device; and that her use of an access device affected interstate commerce in the form of interstate wire transfers to and from Green Dot Bank.

**Specific Offense Characteristics – Loss Amount**

(i) Defendant stipulates and agrees that her unlawful use of other access devices on other occasions is relevant conduct for the purpose of calculating her loss amount under the United States Sentencing Guidelines ("U.S.S.G.") Section 2B1.1(b)(1).

(j) For the purposes of determining the applicable offense level under U.S.S.G. §2B1.1, defendant stipulates and agrees that the total loss amount resulting from her

violation of 18 U.S.C. § 1029(a)(5), and the relevant conduct related to that violation, was greater than $15,000 and not more than $40,000.

5. Defendant is pleading guilty because she is in fact guilty. Defendant understands that, by pleading guilty, she is giving up several rights, including:

(a) the right to be indicted by a grand jury for these crimes;

(b) the right to plead not guilty;

(c) the right to a speedy and public trial by jury;

(d) the right to assistance of counsel at trial;

(e) the right to be presumed innocent and to have the burden of proof placed on the United States to prove defendant guilty beyond a reasonable doubt;

(f) the right to confront and cross-examine witnesses against defendant;

(g) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

(h) the right not to testify and to have that choice not used against defendant.

6. The parties agree that the appropriate disposition of this case is the following:

(a) The Court may impose any lawful term of imprisonment, any lawful fines, and any lawful term of supervised release up to the statutory maximum.

(b) The Court will impose special assessment fees as required by law.

(c) The Court may order forfeiture as applicable and restitution as appropriate.

(d) Pursuant to Rule 11(c)(1)(B), at sentencing, the United States agrees to recommend that, pursuant to U.S.S.G. § 2B1.1(b)(1)(C), the total loss amount is more than $15,000 but not more than $40,000. This recommendation is not binding on the Court, and in



the event the Court rejects this recommendation, defendant may not withdraw her guilty plea or rescind this plea agreement.

7. Defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to the Illinois Department of Employment Services. Defendant agrees, pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A, that the appropriate amount of restitution is the total amount of fraudulent proceeds defendant obtained from her use of unauthorized access devices:

| Victim | Restitution Amount |
|---|---|
| Illinois Department of Employment Services | $40,000 |

The parties understand that the Court makes any determination regarding apportionment of restitution pursuant to 18 U.S.C. § 3664(h).

8. No promises have been made by any representative of the United States to defendant as to what the sentence will be in this case. Any estimates or predictions made to defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). Defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. Defendant acknowledges that the sentencing determination will be based upon the entire scope of defendant's criminal conduct, her criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

9. Given defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of § 3El.l(a) of the Sentencing Guidelines. Further, if defendant's offense level is 16 or greater, and defendant is awarded the two-level reduction pursuant to § 3El.l(a), the United States agrees to move the Court, at or before the time of sentencing, to decrease the offense level by one additional level pursuant to § 3E1.1 (b) of the Sentencing Guidelines. Should defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for her offense, including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that defendant not receive any reduction for acceptance of responsibility under § 3El.l of the Sentencing Guidelines.

10. **Financial Obligations**. Defendant agrees to pay the special assessment in this case prior to sentencing. Defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. Defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. Defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. Defendant and counsel also agree that defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying defendant's counsel and outside the presence of defendant's counsel.

In order to facilitate the collection of financial obligations to be imposed with this prosecution, defendant agrees to disclose fully all assets in which she has any interest or over which she exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, defendant additionally agrees to the following specific terms and conditions:

(a) If so requested by the United States, defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form it provides and as it directs. Defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

(b) Defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant to evaluate defendant's ability to satisfy any financial obligation imposed by the Court.

(c) If so requested by the United States, defendant will promptly execute authorizations on forms provided by the United States Attorney's Office to permit the United States Attorney's Office to obtain defendant's financial and tax records.

11. Defendant acknowledges that the principal benefits to the United States of this agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of defendant's acceptance of responsibility for the offense committed, defendant voluntarily, knowingly, and intentionally agrees to the following:

(a) Defendant will not file a direct appeal of her conviction or sentence with one exception: defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed

applicable by the Court, whichever is greater. Defendant also waives the right to appeal the Court's determination as to whether her sentence will be consecutive or concurrent to any other sentence.

(b) Defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack her conviction or sentence, with two exceptions: defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

(c) Defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

12. This plea agreement becomes effective once it is signed by the parties and is not contingent on defendant's entry of a guilty plea. If the United States violates the terms of this agreement, defendant will have the right to withdraw from this agreement. If defendant violates the terms of this agreement in any way (including, without limitation, by failing to enter a guilty plea as agreed herein, moving to withdraw guilty plea after entry, or by violating any court order or any local, state, or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute defendant for any and all federal crimes that she committed related to this case, including any charges that were dismissed and any other charges the United States agreed not to pursue. Defendant expressly waives any statute-of-limitations defense and any constitutional or speedy trial or double jeopardy defense to

prosecution for the conduct covered by this agreement. Defendant also understands and agrees that a violation of this agreement by defendant does not entitle her to withdraw her guilty plea.

13. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

[continued next page]

14. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning defendant's guilty plea to the above-referenced charge. There are no other agreements, promises, undertakings, or understandings between defendant and the United States. The parties understand and agree that the terms of this agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
ACTING UNITED STATES ATTORNEY

11/3/21
Date

By: William A. Roach, Jr.
William A. Roach, Jr.
Assistant United States Attorney

10-28-21
Date

Ayeesha Shah
Ayeesha Shah
Defendant

11/3/21
Date

Jonathan Moffat
Jonathan Moffat
Attorney for the Defendant



Case 3:21-cr-00139-KAC-DCP Document 4 Filed 11/03/21 Page 10 of 10 PageID #: 16